UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAYMOND CHARLES DOMANSKI, an individual, and JOYCE DOMANSKI, an individual, together husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>ALPHATEC SPINE, INC., a California Corporation; ACCESS ORTHOPEDIC, LLC, a Nevada Limited Liability Company; DOE INDIVIDUALS I THROUGH X, and ROE CORPORATIONS I THROUGH X, inclusive,<br><br>Defendants. | 2:12-CV-01505-LRH-CWH<br><br>ORDER |

This is a products liability action. Before the court is plaintiffs Raymond and Joyce Domanski's Motion to Remand (#10[1]). Defendant Alphatec Spine, Inc. ("Alphatec"), has opposed this motion (#17).

**I.    Factual and Procedural History**

In 2010 Raymond Domanski underwent a spinal fusion operation. This operation required the insertion of titanium screws into Domanski's spine. These screws were manufactured by Alphatec and distributed by Access Orthopedic, LLC ("Access"). (First Amended Complaint ("FAC") #7, ¶ 10.)

---

[1] Refers to the court's docket entry number.

When these screws broke (twice), the Domanskis sued Alphatec in Nevada state court. Alphatec, a California corporation, removed the action to this court on the basis of diversity jurisdiction. After removal, however, the Domanskis amended their complaint to add Access as a defendant. Since Access is a Nevada limited liability company (as alleged in the amended complaint), the joinder of Access destroyed complete diversity. Shortly after amending their complaint, the Domanskis submitted the present Motion to Remand.

**II.   Discussion**

Upon post-removal joinder of a non-diverse defendant, the court may either deny joinder or permit joinder and remand the case to state court. 28 U.S.C. § 1447(e). While section 1447(e) does not announce the standards governing the permission of joinder, courts in this Circuit have considered a number of factors. These factors are (1) whether the joined party is necessary under Federal Rule of Civil Procedure 19, (2) whether the statute of limitations would bar a new state action against the joined party, (3) whether there has been an unexplained delay in seeking joinder, (4) whether the motive for joinder is solely to destroy diversity, (5) the apparent validity of the claim, and (6) the prejudice to plaintiff that could result if the amendment is denied. *See Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999).

First, Access is not a necessary party under Rule 19. In order to be a necessary party, Access must have an interest in the litigation such that disposition of the action without it would (1) impair or impede its ability to protect its interest or (2) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the claimed interest. Fed. R. Civ. P. 19(a)(1)(B). While Access has an interest in the litigation (in the sense that it is a legitimate defendant in this Nevada products liability action, *see Elley v. Stephens*, 760 P.2d 768, 771-72 (Nev. 1988)), the Domanskis have not demonstrated that Access' absence would impair its ability to protect its interest or leave a party to the litigation exposed to multiple or inconsistent judgments. Therefore, this factor weighs against joinder and thus against remand.

2

Second, the possibility that the statute of limitations "would preclude an original action against [Access] in state court" favors joinder. *IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). The Domanskis point out that the statute of limitations for product liability claims may be as short as two years. *Campos v. New Direction Equip. Co., Inc.*, 2009 WL 114193at *2 (D. Nev. Jan. 16, 2009) ("[T]he court concludes that a strict products liability claim falls within Nevada's two-year statute of limitations for personal injury actions."). In that case, the statute of limitations may have run with respect to Raymond Domanski's September 2010 operation. Accordingly, this factor favors joinder.

Third, the Domanskis have successfully demonstrated that they have not needlessly delayed joinder. The Domanskis' counsel has affirmed in an affidavit that Access' identity became clear only during the week following removal. (Mot. to Remand #10, Ex. C.) Furthermore, the Domanskis had always intended to add the distributor of the medical screws once its identity became clear, as evidenced by their pleading of fictitious defendants. (*Id.* at Ex. B, p. 3.) Therefore, this factor favors joinder.

Fourth (and fifth), the merits of the Domanskis' claims against Access favor joinder and dispel the impression that joinder is intended solely to defeat this court's jurisdiction. Under Nevada law, the Domanskis have a valid products liability claim against Access. *Elley*, 760 P.2d at 771-72. The validity of this claim, combined with evidence tending to show that the Domanskis had always intended to name the screw distributor as a defendant, suggest that joinder is not motivated solely by an attempt to destroy diversity. Therefore, these factors favor joinder.

Finally, the Domanskis may be prejudiced by the denial of joinder. As noted, the statute of limitations might have run on their claims against Access for the September 2010 operation. Thus, the Domanskis may have to forego this claim if forced to file a separate case in state court against Access.

Taken as a whole, the section 1447(e) factors favor joinder and therefore remand. Apart from these factors, however, Alphatec argues that the Domanskis' allegation of facts supporting

1  remand is defective. In particular, Alphatec contends that Access is a Delaware limited liability
2  company, not a Nevada limited liability company. (Opposition #17, pp. 7-8 (affidavit of Nicholas
3  M. Wieczorek).) Therefore, even with Access as a named defendant, complete diversity remains
4  intact.

5        The allocation of burdens upon the invocation of removal jurisdiction governs Alphatec's
6  arguments. In light of the strict construction of removal jurisdiction, *Shamrock Oil & Gas Corp. v.*
7  *Sheets*, 313 U.S. 100, 108-09 (1941), the party opposing remand bears the burden of establishing
8  federal jurisdiction by a preponderance of the evidence, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th
9  Cir. 1992). The citizenship of a limited liability company for the purposes of diversity jurisdiction
10 is determined by the citizenship of each member. *Johnson v. Columbia Properties Anchorage, LP*,
11 437 F.3d 894, 899 (9th Cir. 2006). Alphatec has affirmed only that Access is identified as a
12 Delaware limited liability corporation on a "Distribution Agreement" with Alphatec. (Opposition
13 #17 at p. 7 (affidavit of Nicholas M. Wieczorek).) Without more, this affirmation is insufficient to
14 carry Alphatec's burden at this stage. *See Barclay Square Properties v. Midwest Fed. Sav. & Loan*
15 *Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (holding that jurisdictional allegations
16 failed where these allegations did not allege the citizenship of each partner of a limited
17 partnership). Thus, since Alphatec has not carried its burden in opposition to remand, and since the
18 Domanskis have demonstrated that joinder is proper, remand is warranted.

19       IT IS THEREFORE ORDERED that the Domanskis' Motion to Remand (#10) is
20 GRANTED.

21       IT IS FURTHER ORDERED that this case is remanded to the Eighth Judicial District Court
22 of the State of Nevada.

23       IT IS SO ORDERED.
24       DATED this 25th day of March, 2013.

                                                _____
                                                LARRY R. HICKS
                                                UNITED STATES DISTRICT JUDGE